IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT A. MALMANGER, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> McKINNEY ROMEO MOTORS, INC. ) <br> d/b/a I-79 HONDA, ) <br> ) <br> Defendant. ) | Civil Action No. 09-0183 |

MEMORANDUM

Gary L. Lancaster,                                           April 28th, 2009
District Judge.

        This is an action alleging breach of warranty. Plaintiff, Scott A. Malmanger, alleges that defendant, McKinney Romeo Motors, Inc., sold him a defective vehicle and failed to cure the defects in violation of the Uniform Commercial Code, § 2-714. Plaintiff seeks to recover the cost of repair to the vehicle and other incidental damages.

        Defendant has filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). [Doc. No. 4]. Defendant alleges that plaintiff's complaint lacks subject matter jurisdiction because the amount in controversy is less than $75,000 and there is no federal question in this case.

        For the reasons that follow, defendant's motion is granted without prejudice to plaintiff's right to refile his claim in state court.

I.  FACTUAL BACKGROUND

Solely for the purpose of evaluating this motion, we have taken the facts alleged in plaintiff's pro se complaint as true.

On February 5, 2008, plaintiff was the high bidder of a 2005 Subaru Baja offered by defendant through an e-Bay auction. Defendant claimed that the vehicle was "fully serviced," that it "runs and drives perfectly," that "[a]ll of the options are in 100% working order," and that it passed a Pennsylvania State Safety Inspection. [Doc. No. 1 at ¶¶ IV, V, VII, VIII]. Plaintiff agreed to pay $13,900 for the vehicle and put down a $500 deposit. Id. at ¶ IX.

On February 9, 2008, plaintiff flew to Pittsburgh, Pennsylvania to finalize the purchase and pick up the vehicle. After taking a test drive, plaintiff finalized the purchase for the negotiated price of $13,900. Id. at XII. As part of the sales agreement, defendant provided a Dealer Limited Warranty covering the vehicle for the first 1,000 miles.

After taking possession of the vehicle, plaintiff began his planned drive to Des Moines, Iowa. Plaintiff returned to the dealership when the "check engine" light came on less than ten miles after he left the dealership. Based on defendant's agreement to pay for a "check engine" diagnostic and subsequent repair at a

local Des Moines, Iowa Subaru dealership, however, plaintiff continued the drive to Iowa.

The next day, while still on the drive to Des Moines, Iowa, plaintiff began experiencing additional problems with the vehicle. Specifically, the vehicle could not reach speeds higher than 40 to 45 miles per hour. Plaintiff called a towing service that transported the car to the Jim Miller Nissan-Subaru dealer in Cedar Falls, Iowa. The Jim Miller Nissan-Subaru dealer diagnosed the problem as "a timing over advanced as a result of low engine oil." [Doc. No. 1 at ¶ XXI]. The engine oil was low because of a "faulty turbo." Id. The Jim Miller Nissan-Subaru dealer repaired the vehicle for $9,212.26. Id. at ¶ XXXI and Ex. U.

Plaintiff alleges that defendant should have known that the turbo in the vehicle was faulty. Accordingly, plaintiff states that defendant owes him $9,212.26 for the cost of repair to the vehicle, $225.75 for the cost of towing, and $368.00 for the cost of repairing the vehicle's defective CD player, in addition to undisclosed incidental damages.

## II. STANDARD OF REVIEW

When a court considers a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), it must first determine whether the defendant is making a facial or factual jurisdictional attack. In a facial

jurisdictional attack, where the defendant asserts that the allegations of the complaint are insufficient to establish jurisdiction, the court must consider the allegations of the complaint as true and draw all reasonable inferences in favor of the non-moving party. Mortensen v. First Federal Savings and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

Here, defendant has not disputed the jurisdictional facts alleged in the complaint. Accordingly, we will consider defendant's Rule 12(b)(1) motion to dismiss to be a facial challenge. We will, therefore, accept all facts alleged in the complaint as true when considering defendant's motion to dismiss.

### III. DISCUSSION

Defendant alleges that this court lacks subject matter jurisdiction because the amount in controversy is less than $75,000. Plaintiff agrees that he has not alleged the required jurisdictional amount and requests that this court transfer his complaint to a court having proper venue. [Doc. No. 8 at 4].

Accepting the facts alleged in the complaint as true, we agree that it is apparent, to a legal certainty, that plaintiff has not satisfied the jurisdictional amount in controversy required by section 1332(a). The complaint clearly states that plaintiff seeks to recover only $9,806.01, plus undisclosed incidental damages. [Doc. No. 1 at 11]. We assume that the undisclosed

incidental damages cannot, when added to the $9,806.01 amount in controversy, reach $75,000. Moreover, the entire purchase price of the vehicle was only $13,900. Id. at XII. Assuming that plaintiff could recover the full contract price, this sum is still far less than the required $75,000 in controversy.

Because it is clear to a legal certainty that this court lacks jurisdiction, we cannot transfer this case to a court with proper venue. We also do not have the authority to determine the proper venue of this action. We will, however, dismiss plaintiff's claim without prejudice to his right to refile in a court having proper venue.[1]

IV. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss plaintiff's complaint [doc. no. 4] will be granted. Plaintiff's claim is dismissed without prejudice to his right to refile in state court.

An appropriate order follows.

---

[1] We note that amendment would be futile because it is clear that plaintiff has not satisfied the required jurisdictional amount. While we understand that plaintiff is not represented by counsel, his pro se status does not excuse the jurisdictional defects at issue here.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SCOTT A. MALMANGER, )
)
        Plaintiff, )
    v. ) Civil Action No. 09-0183
)
McKINNEY ROMEO MOTORS, INC., )
)
        Defendant. )

## ORDER

AND NOW, this 28th day of April, 2009, upon consideration of defendant McKinney Romeo Motors, Inc.'s motion to dismiss plaintiff's complaint [doc. no. 4], IT IS HEREBY ORDERED that the motion is GRANTED. Plaintiff's claim is hereby dismissed without prejudice to his right to refile in state court.

The Clerk of Court is directed to mark this matter closed.

BY THE COURT:

_____, J.

cc: All Parties of Record